In the Matter of NICHOLAS S. CARLISI (Admitted as NICHOLAS CARLISI), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 5, 1993

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Westbury *(Robert P. Guido* of counsel), for petitioner.

*Kase & Druker,* Garden City *(John Kase* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with eight allegations of professional misconduct. The Special Referee sustained the eight charges of misconduct. The petitioner moves to confirm the report of the Special Referee. The respondent cross-moves to disaffirm the report of the Special Referee.

Charge One alleges that the respondent wrongfully converted client funds to his own use and benefit. In or about December 1988 the respondent represented clients in a personal injury action. In or about December 1988 the respondent settled the case in his clients' favor with one of the defendants, for the sum of $137,500. On or about December 27, 1988, the respondent received a settlement check from the attorney for the settling defendant in the amount of $137,500, and deposited the check into his escrow account. The respondent did not make any disbursement of the settlement proceeds to his clients until March 13, 1989, at which time the respondent disbursed a sum total of $97,500 to his clients, or to third parties upon their instruction, in a series of checks drawn against the respondent's escrow account.

From on or about December 27, 1988, through March 13, 1989, the respondent had the duty and obligation to preserve and identify the sum of $97,500 in his escrow account on behalf of his clients. Between December 27, 1988, and March 13, 1989, from time to time the balance of funds in the respondent's escrow account fell below the minimum sum of $97,500 which the respondent was required to preserve therein, as follows:

| | |
|---|---|
| January 23, 1989 | $90,014.86 |
| January 31, 1989 | $80,247.42 |
| February 27, 1989 | $77,241.42. |

By reason of the foregoing, the respondent violated DR 1-102 (A) (1), (4), (5), and (6) and DR 9-102 of the Code of Professional Responsibility.

Charge Two alleges that on or about September 15, 1980, the respondent filed a retainer statement with the Judicial Conference of the State of New York, in connection with the personal injury matter that is the subject of Charge One. Following settlement and recovery in the matter, the respondent failed to ever file a closing statement with the Office of Court Administration. By reason of the foregoing, the respon-

dent violated 22 NYCRR 691.20 and DR 1-102 (A) (1), (5), and (6) (now [7]) of the Code of Professional Responsibility.

Charge Three alleges that the respondent wrongfully converted escrow funds to his own use and benefit. On or about March 2, 1989, the respondent represented a client in the sale of real property. On or about March 2, 1989, the parties duly executed a contract of sale prepared by the respondent. The contract required the purchaser to tender a down payment in the sum of $20,000, to be held in escrow by the respondent as seller's attorney until closing. On or about March 3, 1989, the respondent received the contract down payment from the purchaser in the amount of $20,000, which the respondent then deposited into his escrow account. Closing of title occurred on May 1, 1989.

Between March 3, 1989, and May 1, 1989, from time to time the balance of funds in the respondent's escrow account fell below the minimum sum of $20,000 which the respondent was required to preserve therein, as follows:

| | |
|---|---|
| March 22, 1989 | $7,418.61 |
| April 3, 1989 | $ 268.61 |
| April 13, 1989 | $4,218.61 |
| April 28, 1989 | $9,689.96. |

By reason of the foregoing, the respondent has violated DR 1-102 (A) (1), (4), (5), and (6) and DR 9-102 of the Code of Professional Responsibility.

Charge Four alleges that the respondent failed to promptly disburse and account for client funds. Upon closing of title in the real estate transaction referred to in Charge Three, the respondent was instructed and authorized by his client to pay himself the sum of $3,820 from the $20,000 down payment, as and for his legal fee, and to withhold the sum of $2,500 from the $20,000 escrow to pay for future legal services in connection with obtaining a discharge of a mortgage which remained a lien against the property. A balance of $13,680 was due to the client from the $20,000 escrow upon closing and after the aforesaid deductions by the respondent.

The respondent failed to disburse the remaining balance of $13,680 to his client until March 22, 1991. From on or about May 1, 1989, to March 22, 1991, the respondent failed to render proper accounts to his client regarding the disbursement of the $20,000 held in escrow. From on or about May 1, 1989, through March 22, 1991, the respondent failed to respond to the repeated requests of his client and others on his

client's behalf for payment and an accounting of the balance of the $20,000 escrow. By reason of the foregoing, the respondent violated DR 1-102 (A) (1), (4), (5), and (6) (now [7]) of the Code of Professional Responsibility.

Charge Five alleges that the respondent wrongfully converted client funds to his own use and benefit. From on or about May 1, 1989, through March 22, 1991, the respondent had the duty and obligation to preserve and identify the sum of $13,680 in his escrow account for the benefit of his client. Between May 1, 1989 and March 22, 1991, from time to time the balance of funds in the respondent's escrow account fell below the minimum sum of $13,680 which the respondent was required to preserve, as follows:

| | |
|---|---|
| June 6, 1989 | $1,756.65 |
| August 7, 1989 | Account Overdrawn |
| September 6, 1989 | Account Overdrawn |
| October 16, 1989 | Account Overdrawn |
| November 20, 1989 | $2,507.06 |
| December 18, 1989 | Account Overdrawn |
| January 18, 1990 | Account Overdrawn |
| February 9, 1990 | $ 498.20 |
| March 7, 1990 | $ 986.69 |
| April 11, 1990 | $1,758.69 |
| May 17, 1990 | $1,500.59 |
| June 13, 1990 | Account Overdrawn |
| July 3, 1990 | Account Overdrawn |
| August 31, 1990 | Account Overdrawn |
| September 28, 1990 | $ 164.29 |
| October 10, 1990 | Account Overdrawn |
| November 20, 1990 | Account Overdrawn |
| December 3, 1990 | Account Overdrawn |
| January 14, 1991 | Account Overdrawn |
| February 28, 1991 | $ 122.54 |
| March 15, 1991 | $ 72.54. |

By reason of the foregoing, the respondent violated DR 1-102 (A) (1), (4), (5), and (6) (now [7]) and DR 9-102 of the Code of Professional Responsibility.

Charge Six alleges that from on or about December 1988 to the date of the petition, the respondent wrongfully commingled his personal funds with client or escrow funds by failing

to promptly disburse to himself fees or other funds due him from the escrow account, and by leaving fees or other funds due him on deposit within the escrow account. By reason of the foregoing, the respondent has violated DR 1-102 (A) (1), (4), (5), and (6) (now [7]) and DR 9-102 of the Code of Professional Responsibility, and 22 NYCRR 691.12, as then codified and in effect.

Charge Seven alleges that from on or about December 1988 to the date of the petition, the respondent failed to properly preserve and maintain complete bank and bookkeeping records as required by DR 9-102 of the Code of Professional Responsibility and 22 NYCRR 691.12 as then codified and in effect.

Charge Eight alleges that from on or about December 1988 to date, the respondent's negligence and failure to properly oversee, supervise, and review the banking and bookkeeping practices of his law office contributed to the state of events which form the basis of Charges One through Seven. By reason of the foregoing, the respondent violated DR 1-102 (A) (1), (4), (5), and (6); DR 6-101 (A), and DR 9-102 of the Code of Professional Responsibility, and 22 NYCRR 691.12, as then codified and in effect.

After reviewing all the evidence, we find that the Special Referee properly sustained all eight charges of misconduct. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted. The respondent's cross motion to disaffirm the report of the Special Referee is denied.

In determining an appropriate measure of discipline, we have considered the respondent's history of prior discipline. By order dated August 1, 1977, this Court imposed a six-month suspension upon the respondent based on a finding that the respondent was guilty of converting funds and then giving false and misleading information to the Grievance Committee during their investigation. On May 12, 1976, following a subcommittee hearing which consolidated several complaints, the respondent was issued a Letter of Caution for, *inter alia,* "fail[ing] to timely account for escrow funds in [his] possession". On January 20, 1984, following a subcommittee hearing consolidating several complaints, the respondent was issued a Letter of Admonition for (1) failing to handle a legal matter in a competent and diligent manner, (2) failing to communicate with his client, and (3) failing to properly notify a client of his suspension. We have also considered the miti-

gating circumstances advanced by the respondent, including the difficulties he has experienced as a result of his physical condition, and his extended absences from his law office necessitated by his daughter's illness. Nevertheless, we find the respondent guilty of serious professional misconduct and it is the decision of this Court that the respondent be disbarred forthwith.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and PIZZUTO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the report of the Special Referee is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Nicholas S. Carlisi, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Nicholas S. Carlisi, is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.